IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 15-11178-A

KIRBY BARONVILLE,

                                            Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

                                            Respondent-Appellee.

Appeal from the United States District Court
for the Southern District of Florida

ORDER:

Kirby Baronville is a federal prisoner serving a total sentence of 192 months' imprisonment after pleading guilty in 2008 to possessing crack cocaine with intent to distribute and being a felon in possession of a firearm. He was sentenced on December 12, 2008, and the district court entered a judgment against him on the same day.

On September 30, 2013, Mr. Baronville filed a 28 U.S.C. § 2255 motion, in which he asserted that he was actually innocent of being a career offender under the Sentencing Guidelines. He argued that his appeal waiver was invalid due to his trial counsel's ineffective assistance and the government's failure to recommend a total sentence within the guidelines range. He also contended that his motion was not time-barred because actual innocence is an exception to the statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). He later amended his § 2255 motion to raise his trial counsel's ineffective

assistance and the government's violation of the plea agreement as separate claims. In his amended motion, he clarified that he was challenging his career offender enhancement on the basis that his two predicate offenses were consolidated, and "[t]here was no intervening arrest for the two charges."

In its response, the government conceded that Mr. Baronville was erroneously classified as a career offender because he was not arrested during the interval between the predicate offenses used to enhance his sentence. Nevertheless, it argued that Mr. Baronville's motion should be dismissed because it was time-barred.

The magistrate judge issued a report and recommendation ("R&R"), recommending that Mr. Baronville's § 2255 motion be dismissed as untimely. The magistrate judge determined that Mr. Baronville's reliance on the actual innocence exception noted in *McQuiggin v. Perkins*, 569 U.S. ___, 133 S. Ct. 1924 (2013), was misplaced because *McQuiggin* addressed actual innocence of the crime of conviction, rather than actual innocence of a sentencing enhancement. Furthermore, his claims were barred by this Court's decision in *Spencer v. United States*, 773 F.3d 1132 (11th Cir. 2014), *cert. denied*, 135 S. Ct. 2836 (2015).

Over Mr. Baronville's objections, the district court adopted the R&R, dismissed his motion as untimely,[1] and denied him a COA. Mr. Baronville appealed and filed a motion for a COA with this Court. In his motion for a COA, he argued, *inter alia*, that the district court erred in determining that his motion was untimely when his actual innocence claim relied on newly discovered evidence (a letter from a probation officer stating that he was wrongfully sentenced as

---

[1] Although the district court's order adopting the R&R stated that Mr. Baronville's motion was denied, the R&R largely focused on the timeliness of the motion and recommended that the motion "be dismissed as untimely," notwithstanding its discussion of *Spencer*. Accordingly, context suggests that the district court intended to dismiss the motion as untimely.

2

a career offender) submitted with his amended § 2255 motion.[2] He subsequently filed a letter, which has been construed as a supplemental motion for a COA, in which he asserted that he was entitled to relief under the Supreme Court's recent decision in *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551 (2015). He also argued that, because his claim relied on a new rule of law, his motion was timely under § 2255(f)(3).

**DISCUSSION:**

In order to obtain a COA, a movant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denied a § 2255 motion on procedural grounds, the movant must show that jurists of reason would find debatable (1) whether the motion states a valid claim of the denial of a constitutional right, and (2) whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 (2000). If the movant fails to satisfy either prong of this two-part test, this Court will deny a COA. *Id.*

Under the AEDPA, § 2255 motions are governed by a one-year statute of limitations period that begins to run on the latest of four triggering events:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[2] This letter was not attached to his amended § 2255 motion, nor did he mention it in his amended motion. Instead, he attached the letter to his "Motion to Expand the Record," which he filed after his amended § 2255 motion. He did not argue before the district court that the letter constituted a new fact within the meaning of § 2255(f)(4).

3

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In his amended § 2255 motion, Mr. Baronville did not assert that the government prevented him from timely filing his motion. To the extent that he now argues that his actual innocence claim relied on newly discovered evidence, the probation officer's letter is not a "fact" within the meaning of § 2255(f)(4) because it simply informed him of the probation officer's opinion that the career offender enhancement was inappropriate. *Cf. Johnson v. United States*, 544 U.S. 295, 305-08, 125 S. Ct. 1251, 1578-80 (2005) (determining that notice of the order vacating a prior conviction used to enhance a sentence was a "fact" within the meaning of § 2255(f)(4) because the vacatur of the conviction formed the basis for federal habeas relief). Mr. Baronville does not allege that he was unaware of the factual basis for his claim—that he was not arrested in the period between two of his prior offenses. Moreover, the record demonstrates that he was aware of the underlying facts supporting his claim as early as January 12, 2011, when he filed a 28 U.S.C. § 2241 petition challenging the career offender enhancement on the same ground raised in his § 2255 motion.

As to the argument that Mr. Baronville raised in his supplemental motion for a COA, *Johnson* does not impact the timeliness of his motion. *Johnson* is not applicable to any of the three claims that he raised before the district court. Assuming *arguendo* that *Johnson* could be used to challenge a prisoner's classification as a career offender under the Sentencing Guidelines, rather than an armed career criminal under the Armed Career Criminal Act ("ACCA"), Mr. Baronville challenged his career offender enhancement on the basis that he was not arrested during the interval between his two predicate offenses. By contrast, the issue in *Johnson* was whether the ACCA's residual clause is unconstitutionally vague. *Johnson*, 576

4

U.S. ___, 135 S. Ct. at 2555. Accordingly, any right initially recognized by *Johnson* was not a "right asserted" in Mr. Baronville's § 2255 motion. 28 U.S.C. § 2255(f)(3).

Therefore, the limitations period began running on the date on which Mr. Baronville's convictions became final. A federal prisoner's conviction becomes final when the opportunity for direct review of the judgment has been exhausted. *Akins v. United States*, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000).

In addition, § 2255 permits equitable tolling, but the movant must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649, 130 S. Ct. 2549, 2562 (2010) (quotation omitted). The Supreme Court has also recognized an actual innocence exception to the AEDPA statute of limitations. *See McQuiggin v. Perkins*, 569 U.S. ___, ___, 133 S. Ct. 1924, 1931-32 (2013). However, this exception requires that the petitioner "show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at ___, 133 S. Ct. at 1935 (quoting *Schlup v. Delo*, 513 U.S. 298, 327, 115 S. Ct. 851, 867 (1995)).

The district court did not arguably err in dismissing Mr. Baronville's motion as untimely. Because Mr. Baronville did not file a direct appeal, his convictions became final after December 26, 2008, the last day of the period in which he could file a timely notice of appeal as to his convictions and sentences. *See* Fed. R. App. P. 4(b)(1)(A)(i); *Akins*, 204 F.3d at 1089 n.1. He did not file his original § 2255 motion until September 30, 2013—nearly five years later. Accordingly, absent equitable tolling, his motion was untimely.

Aside from actual innocence, Mr. Baronville did not assert any circumstances that would warrant equitable tolling, nor are any such circumstances apparent from the record. His reliance

5

on the actual innocence exception to the AEDPA limitations period is misplaced. Because he asserted that he was actually innocent of a sentencing enhancement, rather than the crimes for which he was convicted, he failed to show that it is more likely than not that no reasonable juror would have convicted him in light of any new evidence. *See McQuiggin*, 569 U.S. at ___, 133 S. Ct. at 1935. Therefore, the district court properly dismissed his § 2255 motion as untimely.

Because Mr. Baronville has not shown that reasonable jurists would find debatable the district court's dismissal of his § 2255 motion, his motion for a COA is DENIED.

UNITED STATES CIRCUIT JUDGE

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

Amy C. Nerenberg
Acting Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

September 17, 2015

Steven M. Larimore
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

Appeal Number: 15-11178-A
Case Style: Kirby Baronville, et al v. USA
District Court Docket No: 0:13-cv-62156-WJZ
Secondary Case Number: 0:08-cr-60151-WJZ-1

The enclosed copy of this Court's order denying the application for a Certificate of Appealability is issued as the mandate of this court. See 11th Cir. R. 41-4. Counsel and pro se parties are advised that pursuant to 11th Cir. R. 27-2, "a motion to reconsider, vacate, or modify an order must be filed within 21 days of the entry of such order. No additional time shall be allowed for mailing."

Sincerely,

AMY C. NERENBERG, Acting Clerk of Court

Reply to: Denise E. O'Guin, A
Phone #: (404) 335-6188

Enclosure(s)

DIS-4 Multi-purpose dismissal letter